Mariah Gondeiro, Esq., CA Bar No. 323683
mgondeiro@faith-freedom.com
Julianne Fleischer, Esq., CA Bar No. 337006
jfleischer@faith-freedom.com
ADVOCATES FOR FAITH & FREEDOM
25026 Las Brisas Road
Murrieta, California 92562
Telephone:    (951) 600-2733
Facsimile:    (951) 600-4996

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **OUR WATCH,** a California non-profit organization;<br><br>Plaintiff,<br><br>vs.<br><br>**ROB BONTA**, Attorney General of California;<br><br>Defendant. | Case No.: 2:23-CV-00422-DAD-DB<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   August 8, 2023<br>Time:   1:30 p.m.<br>Dept.:   Courtroom 4<br>Judge:  Hon. Dale A. Drozd |

## I. SUMMARY OF CLAIMS AND LEGAL THEORIES

**A.   Plaintiffs Position**

This lawsuit challenges California Senate Bill ("SB") 107, also known as California's Transgender Sanctuary Bill. Plaintiffs allege SB 107 violates the right of parents to direct the upbringing and care of their children because it allows minors to obtain gender reassignment care without parental involvement and denies parents access to their child's medical information. Plaintiffs also allege SB 107 violates the Full Faith and Credit Clause to the United States Constitution because it overrides the jurisdiction of a family's home state, and it was passed as a direct policy of hostility towards the laws of other states. Plaintiffs seek declaratory judgment that

the bill violates the Due Process Clause of the Fourteenth Amendment, the right to familial association under the First and Fourteenth Amendments, and the Full Faith and Credit Clause under the Fourth Amendment.

**B.    B. Defendant's Position**

For the reasons outlined in Defendant's prior motions to dismiss, Defendant believes that Plaintiff lacks Article III and prudential standing, has failed to state a claim upon which relief can be granted, and cannot meet the high bar required to strike down a statute on its face.

## II. STATUS OF SERVICE

Defendant Rob Bonta has been served. Plaintiff does not anticipate adding another Defendant.

## III. POSSIBLE JOINDER OF PARTIES



Plaintiff anticipates adding another plaintiff to its Second Amended Complaint (SAC).

## IV. CONTEMPLATED AMENDMENTS TO PLEADINGS

Plaintiff anticipates filing a SAC on or before August 1, 2023.

## V. JURISDICTION AND VENUE

Plaintiffs contend that this Court has subject-matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiffs assert that jurisdiction to grant declaratory relief is conferred by 28 U.S.C. 2201 and 2202 and by Rule 57 and 65, Fed. R. Civ. P. 7. Plaintiffs aver that jurisdiction to grant injunctive relief is conferred by 28 U.S.C. § 1343(a).

## VI. SCHEDULING OF DISCOVERY

The parties agree that the issues pertaining to the scope and schedule of discovery are premature until the Court rules on the Defendant's anticipated motion to dismiss Plaintiff's SAC because, until that time, it will be unclear what claims and issues, if any, will remain to be litigated in this case and therefore what discovery, if any will be relevant and appropriate. The parties agree to meet and confer regarding

the scope of discovery and discovery deadlines after Defendant responds to Plaintiff's amended complaint. If the Court denies the motion to dismiss and the case proceeds in this court, the parties agree to simultaneously make their Rule 26(a)(1) disclosures on an agreed upon date that is within 30 days of the Court's ruling.

## VII. CONTEMPLATED DISPOSITIVE MOTIONS

As noted above, Defendant anticipates filing a motion to dismiss the SAC. The parties agree that it is possible that all claims in this case could be resolved by cross-motions for summary judgment.

## VIII. METHODS OF EVIDENCE AND RESTRICTIONS ON TESTIMONY

The parties do not contemplate any limitations or restrictions on the use of evidence under Federal Rules of Evidence 702 at this time.

## IX. DATE FOR FINAL PRETRIAL CONFERENCE

The parties agree that it is premature to set pretrial and trial dates. The parties agree to meet and confer regarding trial and pretrial dates after the Court has ruled on Defendant's next motion to dismiss.

## X. DATE FOR TRIAL

The parties agree that it is premature to set pretrial and trial dates. The parties agree to meet and confer regarding trial and pretrial dates after the Court has ruled on Defendant's next motion to dismiss.

## XI. SPECIAL PROCEDURES

The parties do not contemplate utilizing any special procedures such as the appointment of a special master or independent expert.

## XII. PROPOSED MODIFICATIONS

The Plaintiffs do not anticipate any proposed modifications of standard pretrial procedures.

# XIII. RELATED CASES

The parties are not aware of any related cases.

Respectfully submitted,

ADVOCATES FOR FAITH & FREEDOM

Dated: July 25, 2023

/s/Mariah R. Gondeiro
Mariah R. Gondeiro
Attorney for Plaintiffs

Dated: July 25, 2023

/s/ Nimrod Pitsker Elias
Nimrod Pitsker Elias
Deputy Attorney General
Attorney for Defendant

